IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 12-364-GMS |
| | ) | Court of Common Pleas of the State of Delaware |
| DION L. KELLAM, | ) | Criminal Case No. 1201006708 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION

On March 21, 2012, the defendant, Dion L. Kellam ("Kellam"), filed a notice of removal from the Court of Common Pleas of the State of Delaware ("Court of Common Pleas"). (D.I. 2.) He appears *pro se* and proceeds *in forma pauperis*.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Kellam has been charged with two counts of possession of drug paraphernalia and one count of possession of marijuana. A summons issued on February 21, 2012, for Kellam to appear for a jury trial, scheduled for April 4, 2012, in the Court of Common Pleas. The notice of removal states that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and that this matter may be removed pursuant to 28 U.S.C. § 1443 and § 1446. Section 1443 provides for removal of civil rights cases and § 1446 provides for removal of civil actions. Kellam, who is black, states that he cannot receive a fair trial because of racial discrimination.

### III. DISCUSSION

Kellam seeks removal pursuant to 28 U.S.C. § 1443. Pursuant to § 1443, a criminal action commenced in a State court may be removed by the defendant: (1) against any person who

is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or (2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. 28 U.S.C. § 1443.

A state court defendant who seeks removal under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

While Kellam is adamant in his position that he cannot receive a fair trial because of his race, nothing in the notice of removal leads to the conclusion that he cannot enforce any asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). All of the issues raised by Kellam are rights that are certainly enforceable in state court. Indeed, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings,

2

civil or criminal." *Johnson,* 421 U.S. at 219-20. For the above reasons, the court will summarily remand the case to the Court of Common Pleas.

The court finds it unnecessary to discuss § 1446 which sets for the procedure for removal of civil actions inasmuch as it is inapplicable removal of a criminal action.

## IV. CONCLUSION

For the above reasons the court will summarily remand Criminal Case No. 1201006708 to the Court of Common Pleas of the State of Delaware.[1]

An appropriate order will be entered.

_____May 7_____, 2012
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Kellam references 42 U.S.C.§ 1981(a) and 42 U.S.C. § 1983 in his notice of removal. To the extent Kellam has a separate civil cause of action against the plaintiff in this court, he must file a separate complaint.

3